# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**UNITED STATES OF AMERICA,**

        **Plaintiff,**

**-vs-**                             **Case No.  6:05-cv-448-Orl-31JGG**

**1998 FREIGHTLINER TRACTOR
VIN#FUYDDYB3WA901311; 1994
UTILITY REFRIGERATED TRAILER
VIN#1UYVS2481RM286301; AND
$26,580.00 IN U.S. CURRENCY,**

        **Defendants.**

___

## ORDER

This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **MOTION FOR SERVICE BY PUBLICATION (Doc. No. 20)** |
| **FILED:** | May 17, 2006 |

**THEREON** it is **ORDERED** that the motion is **DENIED** without prejudice.

### I.   INTRODUCTION

On March 23, 2005, the United States filed a verified complaint for forfeiture *in rem* of personal property consisting of a tractor, trailer and $26,580 in currency.  Docket No. 1.  On an unspecified date and at an unspecified location, Orange County Sheriff's deputies seized the trailer,

tractor and $197,065 in currency found therein. Docket 1 at 3-4.[1]  At a later unspecified date, Immigration and Customs Enforcement ("ICE") "adopted" $195,930 of the currency seized. Docket 1 at 4 n. 1. On November 19, 2004, U.S. Customs and Border Protection Inspectors examined the semi-tractor and trailer, and located an additional $26,580 in currency hidden in the tractor. Docket 1 at 4.  Glenford Reid was the driver of the tractor at the time it was seized. Docket 1 at 3.  The complaint does not allege who is the registered owner of the truck or trailer.

On May 17, 2005, Spencer Rhodes entered a Notice of Appearance as attorney of record for "Claimant" Glenford Reid.  Docket 4.[2]  On June 14, 2005, the United States filed an unopposed motion to stay the action because Reid was indicted on June 8, 2005, for violating 18 U.S.C. § 1960 (operating an unlicensed money transmitting business) [*United States v. Glenford Anthony Reid*, Case No. 6:05-cr-110-Orl-31DAB].  Docket 5 at 1.  The Court granted the motion for a stay on June 23, 2005.  Docket 6.

On October 13, 2005, Rhodes moved to withdraw as Reid's counsel because he had been unable to communicate with his client for three months, he was unable to secure his client's cooperation in surrendering on the outstanding federal warrant, and because Reid had absconded from a state court probation.  Docket 7.  Given Reid's failure to cooperate with counsel, Rhodes felt he could not effectively represent Reid's interests.  *Id*.  The Court issued a notice of hearing and ordered Reid to appear in person at the hearing.  Docket 8.  The Notice advised that "Claimant's failure to

---

[1] In a forfeiture proceeding for violation of a federal statute, the verified complaint must state whether the property is within the district, and if not, the statutory basis for the court's exercise of jurisdiction over the property. Supplemental Rule C(2)(d)(ii).  For jurisdictional purposes, the complaint alleges the defendant property is located within the Middle District of Florida. Docket 1 at 2. Later, however, the complaint alleges that the defendant properties are "within the district *or will be* during the pendency of the action."  *Id*. (emphasis added).

[2] No verified claim has been filed in this action, and the Court has not been informed about an administrative claim.

appear may result in granting of the motion. Claimant's failure to appear also may result in dismissal of the claim without prejudice and/or other sanctions." *Id.* Reid failed to appear at the hearing. Docket 10. Rhodes was allowed to withdraw, and Reid was deemed to proceed *pro se*. Docket 9, 10. Reid's last known address was Shillington, Pennsylvania.

On November 30, 2005, the United States moved to lift the stay on the grounds that Reid was a fugitive from justice, and protection of the government's criminal prosecution and Reid's right against self-incrimination were no longer concerns that need to be shielded from civil discovery. Docket 11. The Court lifted the stay on December 1, 2005. Docket 12.

Warrants in rem and summonses were issued on December 6, 2005, for the tractor, trailer and $26,580 in currency. Docket Nos. 15-17. The Summons and Warrant of Arrest in Rem, which was prepared by the Plaintiff, directs ICE or any other duly authorized law enforcement officer to:

> [1] arrest and seize defendant property . . .; [and]
>
> [2] . . . provide notice of this action to all persons thought to have an interest in or claim against the defendant property by serving upon such persons a copy of this warrant and summons, and a copy of the verified complaint in rem, in a manner consistent with the principles of services of process of an action in rem under the Supplemental Rules for Certain Admiralty and Maritime Claims, Federal Rules of Civil Procedure.

See Docket 15 at 2. A "Notice of Complaint of Forfeiture" was published in the Orlando Business Journal on March 17, 24, and 31, 2006. Docket No. 18. Plaintiff filed a return of service on April 20, 2006, which reflected that the Department of the Treasury had seized the $26,580 in currency. Docket 19. Currently at issue is the United States' motion to serve process upon Reid by publication. The Government states Reid's whereabouts are unknown and that he is considered a fugitive. The motion

provides no information regarding what efforts have been made to serve Reid with process or to ascertain his location. The Court has mailed two orders to Reid's Shillington address, neither of which have been returned to the Court as undeliverable. See Clerk's docket entries on November 21, 2005, and December 1, 2005.

The Government's motion further states that "Notice of the Action in Rem and Arrest in Rem" was published in the Orlando Sentinel on March 17, 24, and 31, 2006. It is unclear whether the motion mistakenly states what is in the record at Docket 18 or whether there was a separate publication in the Orlando Sentinel. It also is unclear whether the Government intends to publish a separate notification for Reid if this motion is granted, or whether it is seeking permission to substitute the existing publication in the Orlando Business Journal for some other form of service.

## I. THE LAW

### A. Rule 4 Requirements

Rule 4 of the Federal Rules of Civil Procedure governs notice to claimants of seized *in rem* property, both real property and personal property. *See* Fed. R. Civ. P. 4(n)(1). Notice to claimants of the property is sent in the manner provided by the federal forfeiture statute or by service of a summons under Rule 4. *Id.* When serving an individual within the United States, the government must serve the summons and complaint within 120 days after filing the complaint. Fed. R. Civ. P. 4(c), (m).

The method of service is standard. When serving an individual in the United States, the government causes the U.S. Marshal 1.) to deliver a copy of the summons and complaint to the individual personally; 2.) to leave copies of the summons and complaint at the individual's dwelling

provides no information regarding what efforts have been made to serve Reid with process or to ascertain his location. The Court has mailed two orders to Reid's Shillington address, neither of which have been returned to the Court as undeliverable. See Clerk's docket entries on November 21, 2005, and December 1, 2005.

The Government's motion further states that "Notice of the Action in Rem and Arrest in Rem" was published in the Orlando Sentinel on March 17, 24, and 31, 2006. It is unclear whether the motion mistakenly states what is in the record at Docket 18 or whether there was a separate publication in the Orlando Sentinel. It also is unclear whether the Government intends to publish a separate notification for Reid if this motion is granted, or whether it is seeking permission to substitute the existing publication in the Orlando Business Journal for some other form of service.

**I.   THE LAW**

    **A.   Rule 4 Requirements**

Rule 4 of the Federal Rules of Civil Procedure governs notice to claimants of seized *in rem* property, both real property and personal property. *See* Fed. R. Civ. P. 4(n)(1). Notice to claimants of the property is sent in the manner provided by the federal forfeiture statute or by service of a summons under Rule 4. *Id*. When serving an individual within the United States, the government must serve the summons and complaint within 120 days after filing the complaint. Fed. R. Civ. P. 4(c), (m).

The method of service is standard. When serving an individual in the United States, the government causes the U.S. Marshal 1.) to deliver a copy of the summons and complaint to the individual personally; 2.) to leave copies of the summons and complaint at the individual's dwelling

house or usual place of abode with some person of suitable age and discretion then residing therein; 3.) to deliver a copy of the summons and of the complaint to an agent authorized by appointment or by law to receive service of process; or 4.) to serve the individual pursuant to state law. Fed. R. Civ. P. 4 (e). If service is not waived, the government then files a proof of service by the U.S. Marshal. Fed. R. Civ. P. 4 (l).

### B.     Due Process Requirements

Due process requires a method of service that is reasonably calculated to give actual notice to the interested party. *See, Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 315 (1950); *Arrington v. Helms*, 438 F.3d 1336, 1349-50 (11th Cir. 2006). The Constitution does not require personal service in every case, nor does it require a party to use the method "most likely" to reach the interested party. *See Greene v. Lindsay*, 456 U.S. 444, 455 (1982); *Arrington*, 438 F.3d at 1350 ("Due process is a flexible concept that varies with the particular circumstances of each case, and myriad forms of notice may satisfy the *Mullane* standard."). The plaintiff must make reasonably diligent efforts to locate the interested party, but "extraordinary" efforts are not required. *Mennonite Bd. of Missions v. Adams*, 462 U.S. 791, 798 n. 4 (1983).

The Supplemental Rules for Certain Admiralty and Maritime Claims, which apply to civil *in rem* forfeiture proceedings, do not expressly require that personal notice be served on persons known to have an interest in the property, such as the owner or possessor of the property. *See* 7A MOORE'S FEDERAL PRACTICE ¶ C.14. Indeed, Rule C(4) requires only service by publication. *U.S. v. $184,505.01 in U.S. Currency*, 72 F.3d 1160, 1163 (3d Cir. 1995). To satisfy due process, however,

"publication alone is not sufficient when the government can reasonably ascertain the names and addresses of interested parties." *Id.*, *citing*, *Mennonite Bd. of Missions v. Adams*, 462 U.S. 791 (1983).

### C.     Waiver of Service of Process

Courts have generally recognized waiver of service of process if a party voluntarily appears in the action. *See, New York Times Co. v. Sullivan*, 376 U.S. 254, 264 n. 4 (1964) (applying Alabama law). Indeed, it has long been held that "[t]he voluntary appearance of a defendant is equivalent to personal service of the summons and copy of the complaint upon him." *Ex parte Connaway*, 178 U.S. 421, 428 (1900) (quotations omitted); *cf.*, *In re Worldwide Web Sys., Inc.,* 328 F.3d 1291, 1299-1300 (11th Cir. 2003) ("a party's right to dispute personal jurisdiction on insufficient service of process grounds is waived if the party fails to assert that objection in his first Rule 12 motion, other initial pleading or general appearance"); *accord*, M.D. Fla. Local Rule 2.03(a) ("every paper or pleading of any kind filed by an attorney in this Court . . . shall constitute a general appearance on behalf of the persons or parties for whom the pleading or paper is filed.")

At least one court has held that an unqualified voluntary appearance by a claimant in a forfeiture *in rem* action results in a waiver of the statutory right to service of process. *United States v. Vacant Land Located at 10th St. & Challenger Way in Palmdale, CA.*, 15 F.3d 128, 131 (9th Cir. 1993). It does not appear that the United States Court of Appeals for the Eleventh Circuit has addressed waiver of the right to service of process in a forfeiture *in rem* action. The Eleventh Circuit, however, has held that forfeitures are disfavored, and that "strict compliance with the letter of the law by those seeking forfeiture must be required." *United States v. $38,000 in United States Currency*, 816 F.2d 1538, 1547 (11th Cir. 1987).

**II.     APPLICATION**

The government does not argue that Reid has waived his right to service of process based on his former attorney's unqualified voluntary appearance. The Court can appreciate the government's caution given the lack of clear Eleventh Circuit precedent on waiver of the right to service of process in a forfeiture action. The government, however, fails to make the required showing for service by publication.

The government argues that it may serve process pursuant to Rule 4(e), which includes service in accordance with state law. Florida law provides in relevant part that a plaintiff may serve process by publication when the plaintiff "shows" by a sworn statement:

1. That diligent search and inquiry have been made to discover the name and residence of the person;

2. Whether the person is over or under the age of 18 years; and

3. That the residence of the person is either unknown, is outside of the state or this country, or in the state but the person is absent from the state or concealing himself so that process cannot be personally served.

Fla. Stat. §§ 49.031, 49.041 (summarized).

The affidavit submitted by the Assistant United States Attorney makes no statement regarding what efforts have been made to locate and serve Reid. It is not enough that the record shows that Reid failed to communicate with his attorney for a three month period or that he is considered a fugitive, especially when it appears that Reid is receiving mail the Court sent to his last known address. Further, although an arrest warrant was issued, that does not mean that the government actually has

-7-

tried to apprehend Reid. In the absence of any showing that Reid cannot be located and served, the government's motion to serve process by publication is **DENIED** without prejudice. The government may renew its motion upon a showing that it has satisfied the requirements for service by publication.[3]

**DONE** and **ORDERED** in Orlando, Florida on June 1, 2006.

JAMES G. GLAZEBROOK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

---

[3] If the government has employed secret methods to locate or apprehend Reid and it is necessary to maintain the secrecy of that information, the government may move to file that information under seal.